IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MATTHEW L. THACKER,       ) | |
|     Plaintiff,       ) | Case No. 7:22-cv-00738 |
|            ) | |
| v.       ) | |
|            ) | By: Michael F. Urbanski |
| HAROLD W. CLARKE, et al.,       ) | Chief United States District Judge |
|     Defendants.       ) | |

## MEMORANDUM OPINION

Matthew L. Thacker, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C § 1983 against Harold W. Clarke and other individuals employed by the Virginia Department of Corrections ("VDOC"). Thacker filed an amended complaint as a matter of course on February 13, 2023. The case is now before the court for review under 28 U.S.C. § 1915A(a). Having reviewed the amended complaint, the court concludes that it must be dismissed for failure to state a claim upon which relief may be granted.

### I. Background

Thacker is currently incarcerated at Green Rock Correctional Center in Chatham, Virginia. Am. Compl., ECF No. 6, at ¶ 3. He alleges that he has been unable to obtain a prison job and that he has "built up a large debt for legal copies and legal postage due to being indigent." Id. ¶ 11.

The VDOC's definition of indigent inmates includes inmates who have less than $5.00 in their trust accounts for discretionary spending during the previous month. Id. ¶ 12. Inmates who qualify as indigent may submit a request for indigent services, including hygiene products, a correspondence package, and a legal package. Id. ¶ 14; see also Compl. Ex. B, ECF No. 1-1.

The items are issued for free as long as an inmate is indigent. Am. Compl. ¶ 14. The legal package contains a legal-size envelope, a pen, and five sheets of paper. Id. ¶ 15.

Thacker alleges that prison officials charge inmates for legal copies and legal postage regardless of whether an inmate is indigent. Id. ¶ 16. When an inmate is unable to immediately pay for copies or postage, the cost is charged to the inmate's account as a loan, and the loan is paid from funds added to the inmate's account, such as funds from family or a prison job. Id. Pursuant to VDOC Operating Procedure ("OP") 802.2, "[e]ach inmate is allowed $5.00 per calendar month from their Spend Account for discretionary spending i.e., commissary, legal correspondence, etc. that is not subject to payment of fines, fees, loans or other payment types." VDOC OP 802.2(VI)(C)(2), Compl. Ex. A, ECF No. 1-1.

Based on the foregoing allegations, Thacker asserts three sets of claims. First, Thacker alleges that "taking all funds when Thacker receives money but $5.00 to buy hygiene and legal materials shows deliberate indifference" in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. Am. Compl. ¶ 35. Second, Thacker asserts that "taking legal copies and legal postage from discretionary spending and not leaving enough discretionary spending to purchase legal supplies" deprives him of access to the courts, in violation of the First, Sixth, and Fourteenth Amendments. Id. ¶¶ 29–30, 36. Third, Thacker claims that OP 802.2 violates the First, Sixth, Eighth, and Fourteenth Amendments because it allows prison officials to use his discretionary spending account to pay for legal postage and copy loans. Id. ¶ 39. In particular, Thacker alleges that "[m]aking legal copies and legal postage discretionary spending and withdrawing those fees from Thacker's discretionary spending

prejudices Thacker causing him to choose between basic hygiene necessities and accessing the courts." Id. ¶ 25.

## II. Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While a complaint does not need "detailed factual allegations," merely offering "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Id. (internal quotation marks and citation omitted).

Where, as here, a complaint was filed pro se, it must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint "must still 'state a claim to relief that is plausible on its face.'" Sakyi v. Nationstar Mortg., LLC, 770 F. App'x 113, 113 (4th Cir 2019) (quoting Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014)).

3

### III. Discussion

Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983[,] a plaintiff 'must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" Loftus v. Bobzien, 848 F.3d 278, 284–85 (4th Cir. 2017) (quoting Crosby v. City of Gastonia, 635 F.3d 634, 639 (4th Cir. 2011)). Having reviewed the amended complaint in accordance with the applicable law, the court concludes that it fails to state a plausible claim for relief under § 1983.

#### A. Deliberate Indifference

First, Thacker has not alleged facts sufficient to state an Eighth Amendment claim for deliberate indifference. The Eighth Amendment protects inmates from cruel and unusual punishment and imposes an affirmative obligation on prison officials to provide humane conditions of confinement. Farmer v. Brennan, 511 U.S. 825, 832 (1994). "Like any other Eighth Amendment claim, an Eighth Amendment conditions of confinement claim has (1) objective and (2) subjective components." Porter v. Clarke, 923 F.3d 348, 355 (4th Cir. 2019) (internal quotation marks and citation omitted).

To satisfy the objective component, an inmate must "demonstrate that the deprivation alleged [was] objectively, sufficiently serious." Id. (internal quotation marks and citation omitted). "To be sufficiently serious, the deprivation must be extreme—meaning that it poses a serious or significant physical or emotional injury resulting from the challenged conditions,

4

or a substantial risk of harm resulting from . . . exposure to the challenged conditions." (internal quotation marks and citation omitted).

To satisfy the subjective component, "a plaintiff challenging his conditions of confinement must demonstrate that prison officials acted with 'deliberate indifference.'" Id. at 361 (citation omitted). A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to [an inmate's] health or safety." Farmer, 511 U.S. at 837. "Put differently, the plaintiff must show that the official was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and drew that inference." Heyer v. United States Bureau of Prisons, 849 F.3d 202, 211 (4th Cir. 2017) (internal quotation marks and citation omitted). A showing of "mere negligence" is insufficient. Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999).

Thacker's amended complaint is devoid of facts sufficient to satisfy either component of an Eighth Amendment claim. Thacker acknowledges that indigent inmates may request and receive free hygiene items. To the extent that Thacker takes issue with the VDOC's indigence standard or the fact that inmates are required to pay for legal copies and postage, he has not plausibly alleged that the challenged conditions pose a substantial risk of serious harm or that the defendants knew of and disregarded an excessive risk to his health or safety. Accordingly, the amended complaint fails to state a cognizable claim under the Eighth Amendment.

**B.     Denial of Access to the Courts**

The amended complaint also fails to state a constitutional claim for denial of access to the courts. State inmates "have a constitutionally protected right of access to the courts that is rooted in the Petition Clause of the First Amendment and the Due Process Clause of the

Fourteenth Amendment." DeMarco v. Davis, 914 F.3d 383, 387 (5th Cir. 2019) (internal quotation marks and citation omitted); see also Pink v. Lester, 52 F.3d 73, 76 (4th Cir. 1995). To state such a claim, a plaintiff must plead facts showing that he has suffered an "actual injury" as a result of the denial of access. Lewis v. Casey, 518 U.S. 343, 351 (1996); see also Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (emphasizing that a prisoner must "identify an actual injury" resulting from the denial of access and "cannot rely on conclusory allegations"). To satisfy the "actual injury" requirement, a plaintiff "must identify a 'nonfrivolous,' 'arguable' underlying claim" that has been frustrated or impeded as a result of the defendants' actions. Christopher v. Harbury, 536 U.S. 403, 415 (2002) (quoting Lewis, 518 U.S. at 353 & n.3). In other words, "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." Id.

Thacker's amended complaint does not satisfy this requirement. Although he takes issue with the amount of paper provided to indigent inmates and the fact that inmates are required to pay for legal copies and postage, he does not allege that the challenged actions or policies have hindered his ability to pursue a nonfrivolous claim. Consequently, the amended complaint fails to state a cognizable claim for denial of access to the courts.

  C. **Denial of Sixth Amendment Rights**

Thacker's current allegations are also insufficient to state a plausible violation of the Sixth Amendment, which guarantees certain rights to criminal defendants. See U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."). Thacker does not allege that the challenged actions

or policies hindered his ability to communicate with an attorney concerning any pending criminal matters. Accordingly, he has not stated a viable claim for relief under the Sixth Amendment. See, e.g., Altizer v. Deeds, 191 F.3d 540, 549 n.14 (4th Cir. 1999) (noting that an inmate's mail-related allegations did not implicate the Sixth Amendment since the plaintiff had "not alleged that he was communicating with an attorney concerning any pending criminal matters").

## IV.     Conclusion

For the foregoing reasons, the court concludes that Thacker's amended complaint is subject to dismissal for failure to state a claim upon which relief may be granted. Based on his status as a pro se litigant, the court will dismiss the action without prejudice and allow him an opportunity to file a second amended complaint within thirty days, if he so chooses. An appropriate order will be entered.

Entered: May 8, 2023

Digitally signed by Michael F. Urbanski     Chief U.S. District Judge
Date: 2023.05.08 10:55:23 -04'00'

Michael F. Urbanski
Chief United States District Judge